IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOUSTON CIGAR ALLIANCE<br><br>      Plaintiff,<br>v.<br><br>OFFICIALHOUSTONCIGARWEEK LLC, and ELIAS PAPILLON<br><br>      Defendants. | Case No. _____ |

## ORIGINAL COMPLAINT

Plaintiff Houston Cigar Alliance ("Houston Cigar Alliance" or "Alliance" or "Plaintiff") brings this action against Defendants OfficialHoustonCigarWeek LLC ("OfficialHoustonCigarWeek") and Elias Papillon ("Papillon") for unlawful use and infringement of Plaintiff's common law service mark "HOUSTON CIGAR WEEK" (the "Mark"). To prevent immediate irreparable harm, Plaintiff is requesting that Defendant be preliminarily and permanently enjoined from further use of the Mark.

### PARTIES

1. Plaintiff Houston Cigar Alliance is a partnership organized under the laws of the state of Texas, having a principal place of business in Katy, Texas.

2. Defendant OfficialHoustonCigarWeek LLC is a limited liability company organized under the laws of the state of Texas, having a principal place of business at 3819 Rayford Road, Spring, Texas 77386-2063. OfficialHoustonCigarWeek may be served with process by serving its registered agent, Elias Papillon, at 3819 Rayford Road, Spring, Texas 77386.

3. Defendant Elias Papillon is a natural person who resides in this Judicial District, and has a residence address of 3819 Rayford Road, Spring, Texas 77386. He is Managing Member of Defendant OfficialHoustonCigarWeek.

### JURISDICTION AND VENUE

4. This action alleges violations of federal law, namely: service mark infringement and unfair competition, all under the Federal Lanham Act, Title 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"). Accordingly, this Court has original subject matter jurisdiction over the federal law claims under the Lanham Act, 28 U.S.C. § 1338 (federal jurisdiction over trademarks and unfair competition), and 28 U.S.C. § 1331 (federal question).

5. This action also alleges violations of Texas state law, namely, common law service mark infringement. The Texas state law claim shares a common nucleus of operative facts with the federal law claims. Accordingly, this Court has supplemental subject matter jurisdiction over the Texas state law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants both of whom reside in Texas and this Judicial District and who have engaged in "doing business" in Texas and in this Judicial District as set forth below, including committing torts (e.g., acts of infringement) in whole or in part in this Judicial District and in Texas.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because both Defendants are residents of Texas and at least one of the Defendants resides in this Judicial District, and also because a substantial part of the events or omissions giving rise to the claims asserted against Defendants occurred in this Judicial District.

**FACTUAL BACKGROUND**

8. Houston Cigar Alliance (the "Alliance") owns the common law rights in the service mark "HOUSTON CIGAR WEEK." The Alliance was the first to adopt and use the phrase "HOUSTON CIGAR WEEK" in connection with services it had begun to provide for members of the Houston cigar community in November 2019 including the organizing of cigar-related events. The Alliance had been operating informally since 2017, and on October 29, 2019 officially formed as a Texas Partnership. The partners that form the Alliance are social clubs made up of cigar afficionados in the Houston area. The individual members of the social clubs had been meeting and socializing for years and in 2017 decided to work together and direct their joint efforts towards organizing and promoting a series of events in Houston designed to build, strengthen and grow the Houston minority cigar community, culture, and camaraderie.

9. The Alliance first began to provide event organizing services using the Mark in November 2019. The Alliance began to advertise HOUSTON CIGAR WEEK and otherwise use the Mark in a variety of ways. The Alliance registered Facebook® and Instagram® pages on which they began to advertise events they were organizing that would take place over Memorial Day Weekend, May 26-30, 2021. The Alliance communicated the Mark and the services they were offering to individuals and businesses in other states as well, inviting them to come to Houston to participate in the HOUSTON CIGAR WEEK over Memorial Day Weekend. The HOUSTON CIGAR WEEK mark became increasingly well-known during 2020 with members of the cigar community, many of whom looked forward to gathering together with other cigar afficionados over that holiday weekend. The Alliance began selling tickets and sponsorships to individuals, groups, and businesses who wanted to participate in the sponsored events over that Memorial Day Weekend. The Alliance is currently advertising its HOUSTON CIGAR WEEK

services on Facebook®, Instagram® and its own website at www.houstoncigarweek.org. See, for example, Exhibit A.

10. Defendant Elias Papillon had been a member of the informal group that later formed the Houston Cigar Alliance partnership, but has never been part of the formal partnership. For various reasons Papillon had fallen out of favor with many of the members of the Alliance, and the other members had legitimate reasons for not including him in the partnership. After learning about the services the Alliance was providing and the plans to organize the HOUSTON CIGAR WEEK events, Papillon began to hatch a plan to use a copycat mark HOUSTON CIGAR WEEK, so that he could divert people to a similar series of cigar-related events that would compete with the events the Alliance was planning and would take place prior to the events being organized by the Alliance.

11. In or about October 2020, Defendant Papillon began to escalate his aggressive campaign of hijacking the Alliance's HOUSTON CIGAR WEEK mark. He adopted and began to advertise using a copycat "Houston Cigar Week" mark in connection with services that were either identical or closely related to the services that the Alliance was providing. He identified himself using a variety of names including Houston Cigar Festival and The Official Houston Cigar Week LLC. He began advertising the "Houston Cigar Week" on the URL www.houstoncigarfestival.com as well as www.houstoncigarweek.com, which redirected to www.houstoncigarfestival.com. He began selling tickets and collecting money on Eventbrite® (general admission, VIP, and vendors). Papillon's acts of infringement were designed to deceive, confuse, and trick members of the Houston minority cigar community into believing that he was in fact the originator and organizer of the Houston Cigar Week and/or that there was some type of relationship, affiliation, or sponsorship between him and the Alliance. He initially began to

publicize "Houston Cigar Week" as events that would take place on Cinco de Mayo, May 5, 2021. He later changed the date of the events to May 12-16, just prior to the Memorial Day Weekend events that were being promoted by the Alliance. On October 27, 2020, Defendant Papillon filed an application with the United States Patent and Trademark, Serial No. 90/282,171, claiming trademark rights in HOUSTON CIGAR WEEK.

12. On November 3, 2020, Defendant OfficialHoustonCigarWeek LLC was formed, listing Elias Papillon as managing member and registered agent, and on November 6, 2020, Mr. Papillon filed HOUSTON CIGAR WEEK as one of the assumed names for OfficialHoustonCigarWeek LLC. Accordingly, on information and belief, Defendant OfficialHoustonCigarWeek LLC has begun to engage in separate acts of infringement alongside Defendant Elias Papillon.

13. Plaintiff Houston Cigar Alliance has sent multiple cease-and-desist notices to Mr. Papillon, including a formal cease-and-desist letter on November 5, 2020, notifying him that if he did not stop using the mark HOUSTON CIGAR WEEK Plaintiff would need to enforce its rights by taking formal legal action. Mr. Papillon and his company, OfficialHoustonCigarWeek LLC, refused to stop infringing.

14. The Defendants' infringement, via their unauthorized uses of HOUSTON CIGAR WEEK, has resulted in numerous instances of actual confusion in the minority cigar community. For example, Defendants' uses of his mark that is identical to Plaintiff's Mark has caused many members of the minority cigar community to believe there is some relationship, affiliation, or sponsorship between Plaintiff and one or both of Defendants.

## CAUSES OF ACTION

### COUNT I
### (Trademark Infringement and Unfair Competition under the Lanham Act)

15. The allegations set forth above in paragraphs 1-14 are hereby repeated and incorporated by reference as if set forth expressly herein.

16. Plaintiff owns all common law rights, title, and interest in and to the Mark "HOUSTON CIGAR WEEK" in connection with the services of Plaintiff, under the federal Lanham Act and Texas state common law.

17. Plaintiff's Mark is eligible for protection under at least the federal Lanham Act and Texas common law and is distinctive. The Mark is arbitrary, fanciful, or suggestive, and is therefore inherently distinctive. Alternatively, the Mark has acquired secondary meaning.

18. Plaintiff began using the Mark in both Texas and elsewhere in the United States before either of the Defendants began using their infringing copycat mark with respect to Defendants' services.

19. Defendants have taken actions not authorized by Plaintiff which have damaged and continued to damage Plaintiff's service mark rights and goodwill. Such damage includes the denial to Plaintiff of its exclusive rights in the Mark with respect to the services described above. Such unauthorized actions include, but are not limited to, numerous uses of their copycat mark including using the identical HOUSTON CIGAR WEEK mark in advertising on Defendants' website, Instagram® and Facebook® pages; communicating with potential sponsors, and referencing the copycat mark in communications with actual and prospective customers.

20. By using the copycat mark, Defendants have created a likelihood of confusion among relevant consumers regarding source, sponsorship, and/or affiliation.

21. Defendants' actions complained of above constitute direct infringement of Plaintiff's Mark and unfair competition under 15 U.S.C. § 1125(a).

22. Defendants selected and began using the copycat mark with full knowledge of Plaintiff's Mark and how Plaintiff was using the Mark and have continued using the copycat mark with that knowledge. Defendants have willfully and deliberately traded on the goodwill created by Plaintiff and has adopted and been using the copycat mark in bad faith and with an intent to profit from Plaintiff's Mark.

23. Defendants have caused irreparable harm to Plaintiff, and Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

## COUNT II
### (Trademark Infringement under Texas Common Law)

24. The allegations set forth above in paragraphs 1-23 are hereby repeated and incorporated by reference as if set forth expressly herein.

25. Defendants' acts complained of above have caused—and will continue to cause—a likelihood of confusion in the minds of consumers, and thus constitute service mark infringement under Texas common law.

26. The harm caused by Defendants is irreparable, and Plaintiff is entitled to temporary, preliminary, and permanent relief under Texas common law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A. That Plaintiff owns the mark "HOUSTON CIGAR WEEK" (the "Mark") under both the federal Lanham Act and Texas state common law, and any other marks that include the phrase "Houston Cigar Week, in connection with services that Plaintiff has been providing in connection with the Mark or such other marks;

B. That Defendants have infringed Plaintiff's service mark rights under the federal Lanham Act and Texas common law, by using "HOUSTON CIGAR WEEK" or any phrase that

        includes the words "houston cigar week" (whether in upper case or lower case letters or a combination of lower and upper case letters), including using OfficialHoustonCigarWeek as part of an entity name or by using an assumed name "Houston Cigar Week," and also by using the URL www.houstoncigarweek.com and the Instagram name HoustonCigar_week;

C.      That, based on the same actions for which Defendants are liable for infringement, Defendants have also engaged in unfair competition under the federal Lanham Act;

D.      That, in accordance with the foregoing paragraphs (A) through (C), Defendants have committed service mark infringement under 15 U.S.C. § 1114 by Defendants' uses of certain marks that infringe Plaintiff's Mark including the mark that is identical to Plaintiff's Mark in connection with either of Defendants' services, advertising, and communications with others; and that any and all uses by Defendants of the any such infringing mark create a likelihood of confusion regarding the source, sponsorship, or affiliation of the services offered by Defendants;

E.      That Plaintiff is the prevailing party, that this is an exceptional case and that Defendants, shall be jointly and severally liable for Plaintiff's reasonable and necessary attorney's fees, and costs, pursuant to 15 U.S.C. § 1117(a);

F.      That Defendants and each of their affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons acting in concert or participation with Defendants who have notice of any judgment or order entered in this case be preliminarily and permanently enjoined from using the mark HOUSTON CIGAR WEEK; carrying out any of the aforementioned acts for which Defendants has been found liable; using or asserting exclusive rights in, or ownership of, the Mark; engaging in unfair competition under the Lanham Act; committing any acts likely to cause the public to believe that any of Defendant's uses of the Mark HOUSTON CIGAR WEEK, or anything containing the words "houston," "cigar" and "week," with respect to any of Defendant's actual or proposed services or business operations, are authorized by or related to Plaintiff; and attempting, causing, or assisting any of the above-described acts;

G.      That Defendants are ordered to advise all of Defendants' customers and persons to whom Defendants have requested any payments that neither of Defendants owns the Mark;

H.      That Defendant Papillon is ordered to abandon the trademark application, Serial No. 90/282,171 for "Houston Cigar Week," pending in the U.S. Patent and Trademark Office, and that Defendant OfficialHoustonCigarWeek LLC is ordered to file a request with the Texas Secretary of State to cancel or abandon its assumed name for "Houston Cigar Week;" and

I.    Award Plaintiff such other and further relief as the Court deems just and equitable.

                                        Respectfully submitted,

Date: December 3, 2020                        **ELLIOTT & POLASEK PLLC**

                                        /s/ Douglas H. Elliott
                                        Attorney-In-Charge
                                        Texas Bar No. 06535900
                                        S.D. Texas No. 7830
                                        doug@epiplawyers.com
                                        6750 West Loop South, Suite 995
                                        Bellaire, Texas 77401
                                        Telephone: (832) 485-3560
                                        Facsimile:  (832) 485-3511

Of Counsel

Meredith Harrison
Texas Bar No. 24084788
merry@epiplawyers.com
**ELLIOTT & POLASEK PLLC**
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile:  (832) 485-3511


**ATTORNEYS FOR PLAINTIFF
HOUSTON CIGAR ALLIANCE**