United States District Court
Southern District of Texas
**ENTERED**
April 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON CIGAR ALLIANCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-4115 |
| | § | |
| OFFICIAL HOUSTON CIGAR | § | |
| WEEK LLC and ELIAS PAPILLION, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER OF PRELIMINARY INJUNCTION**

The plaintiff, Houston Cigar Alliance (the "Alliance"), sued the defendants, Official Houston Cigar Week LLC and Elias Papillion, for infringing the Alliance's "Houston Cigar Week" and "Houston Cigar Alliance" service marks.

The parties filed applications for preliminary injunctions. The court held a two-day bench trial March 29–30, 2021. The central dispute was whether the Alliance was the first to use the "Houston Cigar Week" and "Houston Cigar Alliance" marks in commerce.

For the reasons set forth in greater detail in the court's Memorandum and Order Entering Findings of Fact and Conclusions of Law Granting the Plaintiff's Application for Preliminary Injunction and Denying the Defendants' Application (Docket Entry No. 56), the Alliance's Motion for Preliminary Injunction is granted. The court found that the Alliance is the senior user of the "Houston Cigar Week" and "Houston Cigar Alliance" marks, ("the Plaintiff's Marks") and is entitled to the exclusive use of those marks.

The court also found that the defendants' use of similar marks creates a likelihood of confusion and infringes the Plaintiff's Marks. The evidence showed that the defendants' use of the

Plaintiff's Marks has caused customer confusion, cost the Alliance important sponsorships, and, unless enjoined, will continue to result in irreparable harm. The court also found that, after Papillion was served with this lawsuit, he altered the Instagram posts he submitted as evidence of his claim to first use in commerce.

The court finds that a $2,000.00 surety bond is a sufficient and proper amount of security pursuant to Federal Rule of Civil Procedure 65(c). Contingent on the Alliance posting this bond, it is ordered:

    1.    The defendants, Elias Papillion and Official Houston Cigar Week LLC, and any of their assigns, agents, representatives, and any persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are hereby restrained and enjoined from performing any of the following, or by assisting anyone else from performing the following:

    (a)    using or claiming ownership of the Plaintiff's Marks ("Houston Cigar Week" and "Houston Cigar Alliance") or any similar marks, in connection with planning, organizing, promoting, or advertising cigar-related events. Similar marks include, but are not limited to, names or phrases combining the words "houston," "cigar" and either "week" or "alliance," such as:

> "Houston Cigar Week LLC,"
> "Houston Cigar Alliance LLC,"
> "Official Houston Cigar Week,"
> "Houston Cigar Alliance DBA"
> "houstoncigar_week"
> "houstoncigarweek.com"
> "Houston.Cigar.Alliance"
> "Houstoncigaralliance_"

    (b)    using the Plaintiff's Marks, or similar marks, in a way likely to confuse or deceive members of the public concerning either the affiliation between the Houston Cigar

Alliance and the defendants, Elias Papillion and Official Houston Cigar Week LLC, or concerning the Houston Cigar Alliance's right to use the "Houston Cigar Week" and "Houston Cigar Alliance" marks.  These uses include but not are limited to:

    (i)    any statement or act implying that the Houston Cigar Alliance or the Houston Cigar Week event is owned, managed, or organized by the defendants;

    (ii)    any statement or act implying that the Houston Cigar Alliance or the Houston Cigar Week event is affiliated with the defendants or any event planned by the defendants;

    (iii)    any statement or act implying that the Houston Cigar Alliance or the Houston Cigar Week event has authorized any event planned or organized by the defendants; or

    (iv)    any statement or act asserting or implying that the Houston Cigar Alliance does not have the right to use the "Houston Cigar Alliance" or "Houston Cigar Week" marks because of assumed name certificates, certificates of formation, or other similar documents filed by the defendants after November 2019.

2.    Each of the defendants, and any of their assigns, agents, representatives, and any persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are ordered to:

    (a)    deactivate all social media accounts controlled by either of the defendants, Elias Papillion or Official Houston Cigar Week LLC, with account names that currently include (or have included at any time since the initiation of this lawsuit) any combination

of the words "houston," "cigar" and either "week" or "alliance." The deactivations must include, but not are not limited to:

  (i) the houstoncigar_week, Houston.Cigar.Alliance, and Houstoncigaralliance Instagram accounts with content made of record of the in Preliminary Injunction Hearing (*see* Docket Entry Nos. 47-17, 47-18, 47-19, 47-20);

  (ii) the Facebook group, page, or other account, including any such page or account with content made of record in the Preliminary Injunction Hearing (*see* Docket Entry No. 52), fitting the description in Paragraph 2(a) above; and

  (iii) any other social media account fitting the description in Paragraph 2 (a) above.

(b) deactivate the URL and/or domain name www.houstoncigarweek.com;

(c) remove all advertising that includes the "Houston Cigar Week" or "Houston Cigar Alliance" marks or any similar marks. This includes advertising and promotional materials, whether made in print or online, as well as text, images, videos and posts or comments on any social media platform, including Instagram and Facebook, and pages, posts, events, or account names on Eventbrite or other similar platforms; and

(d) promptly complete a forensic collection of all relevant social media accounts and electronically stored information to comply with the obligations to preserve all evidence related to any use by the defendants of the Plaintiff's Marks or any similar marks.

3.       This order shall be effective immediately after the Houston Cigar Alliance posts security in the form of a $2,000.00 bond.

SIGNED on April 21, 2021, at Houston, Texas.

*Lee H. Rosenthal*

Lee H. Rosenthal
Chief United States District Judge

5